Scan & file

AO 132 (Rev. 12/03) Exemplification Certificate

FILED
JUL 2 2 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

<u>Northern</u>    District of    <u>California</u>

## EXEMPLIFICATION CERTIFICATE

I, <u>RICHARD W. WIEKING</u>_____, Clerk of this United States District Court, keeper of the records and seal, certify that the attached documents:

Order Granting in Part and Denying in Part Plaintiff's Motion for Review of Taxation of Costs, and Vacating Hearing

are true copies of records of this Court.

In testimony whereof I sign my name and affix the seal of this Court, in this District, at

_San Francisco_____ on __7/19/05___
City                                                        Date

Richard W. Wieking

_____
Clerk

_____
(By) Deputy Clerk

I, __MARTIN JENKINS_____, a Judicial Officer of this Court, certify that __Richard Wieking__, named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal, and that this certificate, and the attestation of the record, are in accordance with the laws of the United States.

__7/22/2005_____
Date

_____
Signature of Judge

__U.S. District Judge__
Title

I, <u>RICHARD W. WIEKING</u>_____, Clerk of this United States District Court, keeper of the seal, certify that the Honorable __MARTIN Jenkins_____,
Judge

named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judge's official signature and know and certify the above signature to be that of the Judge.

In testimony whereof I sign my name, and affix the seal of this Court at

_San Francisco_____ in this State, on __7/22/05___
City                                                        Date

Richard W. Wieking

_____
Clerk

_____
(By) Deputy Clerk

AO-132

AO 132 (Rev. 5/85) Exemplification Certificate

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### EXEMPLIFICATION CERTIFICATE

I, RICHARD W. WIEKING, Clerk of this United States District Court, keeper of the records and
seal, certify that the attached documents:

*Order Granting in Part and Denying in Part Plaintiff's Motion for Review of Taxation of Costs, and Vacat[...]*

are true copies of records of this Court.
In testimony whereof I sign my name and affix the seal of this Court, in this District, at
_San Francisco_ on _8/9/05_
　　　　　　　*City* 　　　　　　　　　　　　　　　　*Date*

Richard W. Wieking _____ *Tracy M. Sutton* _____
*Clerk* 　　　　　　　　　　　　　　　(By) Deputy Clerk

I, _Susan Illston_ , a Judicial Officer of this Court, ,
certify that _Tracy M. Sutton_, named above, is and was on the date noted,
Clerk of this Court, duly appointed and sworn, and keeper of the records and seal, and that this certificate,
and the attestation of the record, are in accordance with the laws of the United States.

_8/9/05_ 　　　　　　　　　　　　　　　_____
*Date* 　　　　　　　　　　　　　　　　*Signature of Judicial Officer*

_US District Judge_
　　　　　*Title*

I, RICHARD W. WIEKING, Clerk of this United States District Court, keeper of the seal, certify that the Honorable
**Susan Illston**
*Judicial Officer*
named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and
that I am well acquainted with the Judicial Officer's official signature and know and certify the above signature to be
that of the Judicial Officer.

In testimony whereof I sign my name, and affix the seal of this Court at_____
_San Francisco_ in this State, on _8/9/05_ _____
　　　　　*City* 　　　　　　　　　　　　　　　　　　*Date*

Richard W. Wieking _____ *Tracy M. Sutton* _____
*Clerk* 　　　　　　　　　　　　　　　(By) Deputy Clerk

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.

Date Filed:_____ 05 26 05 _____

RICHARD W. WIEKING, Clerk

By:_____ Deputy Clerk

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7  PIXION INC.,                                          No. C 03-02909 SI

8          Plaintiff,                                    **ORDER GRANTING IN PART AND
                                                        DENYING IN PART PLAINTIFF'S**
   v.                                                   **MOTION FOR REVIEW OF TAXATION**
9  PLACEWARE INC.,                                      **OF COSTS, AND VACATING HEARING**

10         Defendant.
                                              /
11

12         On April 6, 2005, plaintiff filed a motion for review of the clerk's taxation of costs. The Court takes

13  this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully

14  considered the papers submitted, the Court hereby GRANTS IN PART and DENIES IN PART plaintiff's

15  motion.

16

17                                          **BACKGROUND**

18         On March 2, 2005, PlaceWare filed a bill of costs seeking $73,903.73. Pixion objected to the bill in

19  its entirety and, in the alternative, argued that the bill should be granted as to $18,730.00 for depositions and

20  deposition exhibits, exhibits to summary judgment motions, and trial exhibits. PlaceWare reduced its bill to

21  $66,948.50 on March 16, 2005. On March 3, 2005, the clerk taxed costs in the amount of $56,158.75.

22         Now before the Court is Pixion's motion for review of the clerk's taxation of costs. Pixion argues that

23  PlaceWare is not seeking costs on its own behalf as the prevailing party, objects to PlaceWare's failure to

24  segregate costs according to the claims on which it prevailed, and raises specific objections to certain taxed

25  costs. Pixion also asks that the taxation of costs be stayed pending appeal.

26                                        **LEGAL STANDARD**

27         28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to

28  Fed.R.Civ.P. 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course

1 and may be taxed by the clerk.  Costs should be allowed to the prevailing party "unless the court otherwise

2 directs." Fed. R. Civ. P. 54(d).  Upon motion for Review of the Clerk's Taxation of Costs, the clerk's actions

3 may be reviewed by the court.  Rule 54(d) requires that motions for review must be filed within 5 days of the

4 Notice Taxing Costs.  The taxation of costs lies within the trial court's discretion.  In re Media Vision Tech.

5 Sec. Litig., 913 F.Supp. 1362, 1366 (N.D. Cal. 1996).

6

7                                   **DISCUSSION**

8 I.    **Pixion's General Objections**

9          As a preliminary matter, Pixion argues that PlaceWare should not be awarded costs because it

10 expressly seeks them "on behalf of the former shareholders of PlaceWare, who are the real parties in interest

11 in any recovery of costs." Pl.'s Mot., Ex. A at 1:26-27.  Pixion appears to have withdrawn this contention in

12 its reply brief, conceding that the Court's ruling on a similar issue raised in PlaceWare's recent attorneys' fees

13 motion controls here.  See April 22, 2005 Order Denying Motion for Attorneys' Fees at 3:27-4:2 ("PlaceWare

14 is clearly bringing this motion as the prevailing party.  Even if PlaceWare ultimately chooses to give any fee

15 award to its former shareholders, it still has standing to pursue fees.").

16          Pixion also objects that PlaceWare has failed to segregate the costs incurred in litigating the claims on

17 which it prevailed from those on which it did not.  However, PlaceWare asserts that it did not seek costs for

18 the claims on which it did not prevail and explains its analytical process in excluding from the cost bill those

19 costs most related to issues on which PlaceWare did not prevail.  Def.'s Opp., at 2:18-25.  PlaceWare's bill

20 of costs was accompanied by supporting documentation and a declaration stating that "the amounts requested

21 in this Bill of Costs and the attached exhibits are true and correct and were necessarily incurred in this action

22 and that the services for which fees have been charged were actually and necessarily performed." Pl.'s Mot.,

23 Ex. A at 4:17-19.  This is all that Civil Local Rule 54-1(a) and 28 U.S.C. § 1924 require, and the Court finds

24 that PlaceWare has only sought costs for claims on which it prevailed.

25          Pixion also requests that the Court stay the taxation of costs pending appeal.  Pixion cites no authority

26 for this request, and the Court declines to grant a stay.

27

28

2

**United States District Court**
For the Northern District of California

1   **II.      Pixion's Specific Objections**

2         Pixion objects to $9,862.25 in costs for videotape copies of depositions; $3,326.56 for internal copies

3   of deposition exhibits; $32,091.75 for photocopies of documents produced to Pixion; $2,919.24 for

4   photocopies of trial exhibits; $5,250.00 for consultant Robert Wedig; and $900.00 for consultant Anthony

5   Clark. Pixion also contends that the copy charge of 17 cents is too high.

6

7         **A.      Videos of depositions**

8         Pixion seeks reduction of the costs by $9,862.25 for videotape copies of depositions. Local Rule 54-

9   3(c)(1) allows for "[t]he costs of an original and one copy of any deposition (including video taped depositions)

10  taken for any purpose in connection with the case." Civil L.R. 54-3(c)(1). According to Pixion, the

11  "reasonable reading" of this rule is that "the prevailing party may <u>not</u> recover costs paid to a videographer for

12  videotape copies of a deposition, where it <u>also</u> pays a court reporter for paying a hardcopy transcript." Pl.'s

13  Mot. at 7:9-10 (emphasis in original).

14        The Court finds that the language of the rule does not support Pixion's position, and agrees with

15  PlaceWare that videotaped copies are permitted under 28 U.S.C. § 1920 and Rule 54-3(c) as long as the cost

16  of the deposition transcript is recoverable, even if the party also obtains a hard copy of the transcript. Plaintiff's

17  motion is DENIED motion as to these costs.

18

19        **B.      Internal copies of deposition exhibits**

20        Pixion also argues that $3,326.56 in costs are inappropriate for copies of deposition exhibits made by

21  PlaceWare's law firm. Citing Local Rule 54-3(c)(3), which states that "[t]he cost of reproducing exhibits to

22  depositions is allowable if the cost of the deposition is allowable," Pixion argues that a prevailing party may not

23  recover its law firm's internal charges for making copies of deposition exhibits "where it also pays a court

24  reporter for a copy of the deposition exhibits." Pl.'s Mot. at 7:11-13. In addition, Pixion contends that

25  PlaceWare has not adequately documented its charges for these exhibits.

26        The Court reads this rule to allow recovery of copying costs for one set of exhibits, but not for an

27  unlimited number of reproductions made internally by a prevailing party's counsel. While 28 U.S.C. § 1920(4)

28

3

United States District Court
For the Northern District of California

1   allows costs for "copies of papers necessarily obtained for use in the case," the local rule restricts costs for

2   depositions, and make the cost of reproducing exhibits to depositions dependent on recovery of costs for the

3   deposition itself.  Therefore, the Court finds that PlaceWare is entitled to recover costs for one but not both

4   copies of the deposition exhibits.  Pixion's motion is PARTIALLY GRANTED as to these costs.  The bill of

5   costs is reduced by $1,663.28, or one-half of these copy costs.

6

7          C.      Copying of "formal discovery documents"

8          Here, Pixion disputes whether PlaceWare was entitled to recover costs for 188,775 pages of

9   "discovery documents" under Civil Local Rule 54-3(d)(2).  The rule states that "[t]he cost of reproducing

10  disclosure or formal discovery documents when used for any purpose in the case is allowable." According to

11  Pixion, the term "formal discovery documents" means only discovery requests and responsive pleadings, "not

12  all the paper that is produced in the case." For this definition, Pixion relies on Civil Local Rule 26-1 regarding

13  "Custodian of Discovery Documents," which refers to "the discovery request [defined as interrogatories,

14  requests for production of documents, or requests for admission] and the original response."

15         PlaceWare argues that 28 U.S.C. § 1920 generally authorizes "copies of papers necessarily obtained

16  for use in the case," which includes documents produced in response to Pixion's discovery requests and in

17  compliance with PlaceWare's Rule 26 disclosure obligations.  Reading the statute along with Rules 54-3(d)(2)

18  and 26-1, the Court agrees that "formal discovery documents" include "the original response[s]" to discovery

19  requests and Rule 26 disclosures.  At the outset of a case, each party bears the costs of meeting its discovery

20  obligations, but these costs may be properly taxed to the prevailing party afterwards.  The Court DENIES

21  Pixion's motion as to these costs.

22

23         D.      Copies of trial exhibits not used at trial

24         PlaceWare sought recovery of the costs of copying three sets (pursuant to the Court's standing order)

25  of 5,724 pages of trial exhibits, for a total of $2,919.24.  Pixion contends that PlaceWare over-designated its

26  trial exhibits and then actually used a smaller subset of exhibits in the case, and Pixion objects to paying for this

27  over-designation.

28

4

Case 3:03-cv-0   J9-SI   Document 386   Filed 05/2   005   Page 5 of 6

1      Under section 1920, the standard is simply whether these copies were "of papers necessarily obtained

2  for use in the case." 28 U.S.C. § 1920(4). As PlaceWare points out, there is no requirement in either section

3  1920 or the local rules that the documents actually be used at trial; indeed, the Ninth Circuit has specifically

4  rejected a party's contention that it should be assessed copying costs only for documents used in the case and

5  made part of the record. See Haagen-Dazs, Co. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d

6  587, 588 (9th Cir. 1990) (per curiam). The Court finds that these papers were necessarily obtained for use

7  in the case and that it would have been difficult to anticipate which documents defendant would actually use.

8  Therefore, plaintiff's motion is DENIED as to these costs.

9

10     **E.**    **Costs of preparing visual exhibits**

11      Pixion contests the charges of $5,250 for 15 hours of work performed by Robert Wedig and $900 for

12  3 hours of work by Anthony Clark. In its bill of costs, PlaceWare stated that Wedig spend 15 hours on

13  "technical assistance necessary to enable PlaceWare to run and demonstrate Pixion PictureTalk 1.4.1 source

14  code and Xerox PARC NV source code at trial," and described Anthony Clark's 3 hours of work as

15  "technical assistance to prepare a demonstrative necessary to assist the jury in understanding the functionality

16  of PlaceWare source code and how it differed from the Pixion source code." Pl.'s Mot., Ex. A at 4:7-9, 11-

17  12.

18      Local Rule 54-3(d)(5) allows recovery of the "cost of preparing charts, diagrams, videotapes and other

19  visual aids to be used as exhibits . . . if such exhibits are reasonably necessary to assist the jury or the Court

20  in understanding the issues at trial." The Wedig Consulting bill reflects that Wedig spent 30 hours "working on

21  getting the software to work" on a Windows NT server system and then on PlaceWare's law firm's machines.

22  Pl.'s Mot., Ex. B. The attached invoices for Clark's work contain 30 hours for "Expert Testimony in Court

23  and preparation," and 19 hours of "Attorneys' Meetings." Id. The Court agrees with Pixion that the work

24  performed by Wedig and Clark appears to be creation and preparation of the *content* of demonstrative

25  exhibits, not the preparation of the exhibits themselves as contemplated by the local rule. See Romero v. City

26  of Pomona, 883 F.2d 1418, 1427-28 (9th Cir. 1989) overruled on other grounds by Townsend v. Holman

27  Consulting Corp., 929 F.2d 1358 (9th Cir. 1991).

28

**United States District Court**
For the Northern District of California

1   Accordingly, the Court GRANTS Pixion's motion as to these costs. The bill of costs shall be reduced

2   by $5,250.

3

4   **F.    Copy charge of 17 cents per page**

5   PlaceWare submitted this copy charge as a "blended rate" in its bill of costs. The justification offered

6   for the rate was: "[c]osts of photocopying in this case ranged from 10 to 25 cents a page, depending on the

7   size of the job as well as the complexity . . . We therefore have submitted costs of photocopying at a blended

8   rate of 17 cents a page." Pl.'s Mot., Ex. A at 2 n. 1. Pixion argues that this rate -- approximately the

9   mathematical average of 10 and 25 cents -- is insufficiently justified, and that it should only have to pay at the

10  10 cent rate. The Court disagrees. An average rate is entirely appropriate, and 17 cents is reasonable.

11  Plaintiff's motion is DENIED as to the costs based on copy charges of 17 cents per page.

12

13  **CONCLUSION**

14  For the foregoing reasons and for good cause shown, the Court hereby PARTIALLY GRANTS and

15  PARTIALLY DENIES plaintiff's motion for review of the clerk's taxation of costs. The bill of costs shall be

16  reduced by $6,913.28, to $49,245.47.

17

18  **IT IS SO ORDERED.**

19

20  Dated: 5/25/05

21                                                          _S/Susan Illston_
                                                            SUSAN ILLSTON
                                                            United States District Judge

22

23

24

25

26

27

28